Murray T. Feiden, J.
Respondents, constituting the Board of Standards and Appeals, move for an order vacating the order of certiorari obtained herein, dismissing the petition and affirming the board’s determination granting a variance in the application of the area district regulations of the Zoning Resolution.
The premises which are the subject of this proceeding are a plot, 50 by 100 feet, improved with a building consisting of two stories and attic, erected about 1913 as a one-family dwelling. It is not clear whether the building was actually arranged for or occupied by two families prior to June, 1942, when the present owner acquired title. The record is clear that it was so arranged and occupied on July 20, 1944, when Violation No. 338A-44 was issued for occupying the premises as a two-family dwelling without a certificate of occupancy. Said arrangement has continued to exist although the record shows that the tenant of the attic floor, the owner’s brother, moved in January of 1958.
The record reveals that in 1953 an application was made to the Borough. Superintendent to obtain approval of the two-family occupancy. This application was denied on April 10, 1953, for the sole reason that “the proposed occupancy in a frame structure more than two stories in height used for living quarters by two families is contrary to Section 8.7.2.I. of the Adm. Code.” Appeal was taken to the Board of Standards and Appeals which, on July 7, 1953, modified the decision of the Borough Superintendent- and granted the application on condition that a fire escape be installed in the rear, that certain fire preventive measures be taken and that the building was .not to be increased in height or area. No zoning variance was needed, as the premises were in an E area district where two-family dwellings were and are permitted.
At this point, the owner commenced to encounter great difficulty which prevented her from complying with the conditions *554 imposed by the board. The board has found as a fact that she acted as expediously as possible, that the first contractor hired by the owner, after being paid to proceed with the job, went into bankruptcy, that the second contractor did some work and that it was only after she retained a third contractor that she discovered that, although all the required work, except for the installation of the fire escape, had been performed, it had been done without a permit from the Department of Housing and Buildings. In the interim and prior to the completion of the work required by the board, the area district was changed on July 22,1954, from the E area district to a Gr-1 area district, in which ‘ ‘ no dwelling shall be erected or altered other than for occupancy for a single family” (Zoning Resolution, art. IV, § 16-C, subd. [a]).
Thereafter, the Borough Superintendent suspended further action on the part of the applicant with respect to her alteration and instituted criminal proceedings against her for occupying the premises as a two-family dwelling without first obtaining a certificate of occupancy permitting such use. She thereupon filed with the Borough Superintendent an amendment to her 1953 application for such purpose, which on April 12, 1957, was denied for the sole reason that the ‘ ‘ proposed change of occupancy from one family to two families in a Gr-1 area district (is) contrary to Article IV, Sect. 16-0 of the Zone Besolution.” (Art. IV relates to area district restrictions; § 16-0 thereof relates to Gr-1 area districts.) No modification of the provisions of the Administrative Code was needed since the modification granted by the board in 1953 remained effective. She thereupon filed an application to the Board of Standards and Appeals for a zoning variance which, after public notice and hearing and after inspection of the premises and the neighborhood, granted the application on January 28,1958, subject to certain conditions, among which was the condition that the requirements of the resolution adopted by the board under Calendar No. 281-53-A on July 7, 1953, be complied with. Petitioners have instituted certiorari proceedings to reverse the decision of the board.
Absent the fact of the pre-existing nonconforming occupancy of the premises, the decision of the board, that practical difficulties and unnecessary hardship exist, could not be sustained. Standing alone, lack of funds to complete an alteration, defaults by contractors and illness of an architect will not sustain a finding of practical difficulty or unnecessary hardship.
But the board found, and the finding is substantiated by the record, that the two-family occupancy was established at a time when such occupancy was permitted as a matter of right under *555 the Zoning Resolution. The decision of the Borough Superintendent, that ‘£ the proposed change of occupancy from one family to two-families in a G--1 area (is) contrary to Art. IV, Sect. 16-C of the Zone Resolution,” was erroneous in fact and in law and should have been reversed by the Board of Standards and Appeals. It was erroneous in fact because this was not a proposed change of occupancy; it was a proposed legalization of a two-family occupancy that had been established when such occupancy was permitted under the Zoning Resolution as a matter of right. Nor, as a matter of law, was the continuation of such occupancy contrary to section 16-0 of article IV of the Zoning Resolution; it was permitted to continue as a vested right. As was stated in People v. Miller (304 N. Y. 105), citing numerous cases, “ it is the law of this state that non-conforming uses or structures, in existence when a zoning ordinance is enacted, are, as a general rule, constitutionally protected and will be permitted to continue, notwithstanding the contrary provisions of the ordinance.” Although this rule has been held inapplicable to a purely incidental use of property for recreation or amusement only (People v. Miller, supra), and to a use where the resulting loss to the owner is relatively slight and insubstantial (People v. Kesbec, 281 N. Y. 785, motion for reargument denied 282 N. Y. 676; People v. Wolfe, 272 N. Y. 608, motion for reargument denied 273 N. Y. 498), the right, as here, to the continued maintenance of a two-family dwelling is substantial and is entitled to protection as a vested right. And finally the mere fact that a new fire escape was proposed to be installed in order to comply with the provisions of the Administrative Code was no justification for the Borough Superintendent to deny the application under the Zoning Resolution, especially since such an alteration to an existing building is permitted by subdivisions (b) and (g) of section 19 of the Zoning Resolution relating to certain area district exceptions (which are permitted as a matter of right). For these reasons, I hold that the board should have granted the approval as an appeal from the decision of the Borough Superintendent rather than as a zoning variance.
Remission of this proceeding to the Board of Standards and Appeals for approval of the continued occupancy for a two-family dwelling, under an appeal from an administrative decision rather than under an application for a zoning variance, would be a needless circuity of action.
Even though the basis of their decision be erroneous, it does not follow that their decision may not be sustained, if it be just and other grounds therefor exist. (People ex rel. Smith v. Walsh, 211 App. Div. 205, affd. 240 N. Y. 606, 607.) In that ease, *556 the Court of Appeals held: “ The determination of the board of appeals was, however, based on an erroneous theory. It did not hear and determine the question under section 20 of the resolution. Proper practice would require that the matter be returned to the board to decide the application of the property owners on the correct theory rather than the Appellate Division should pass on the merits of the application. (People ex rel. Dawley v. Wilson, 200 App. Div. 537; affd. 235 N. Y. 587.) As it seems clear that the board would exercise its power to vary the provisions of the resolution to the extent of granting the permit now before us under section 20, no substantial right of any party will be affected by an affirmance of the order appealed from.”
Here, too, it would appear that the determination of the board was based on an erroneous theory. It did not hear and determine the question as an appeal from the decision of the Borough Superintendent. It is clear that the board would exercise its power to grant the appeal as a matter of right and without a zoning variance. The board has already made the finding, which is substantiated in the record and the return, that the two-family dwelling occupancy existed prior to July 22, 1954, and continuously thereafter. Since the board has already made the finding that the two-family dwelling was a pre-existing nonconforming occupancy, it would be an unnecessary hardship to require the owner to file anew with the Borough Superintendent and with the Board of Standards and Appeals in order to •reach the same result through the “appeal” procedure than it has reached already through the “application” procedure. A finding by the board of such unnecessary hardship has been sustained recently in Matter of Ryback v. Murdock (proceeding No. 2, N. Y. L. J., April 11, 1957, p. 6, col. 7, affd. without opinion 7 A D 2d 633). (See record on appeal at pages 61-62 and 72-74.) The court will look to the substance rather than to the form. No substantial right of any party will be affected by an affirmance of the decision of the board.
There are important distinctions between the subject case and two leading cases decided by the Court of Appeals, Matter of Thomas v. Board of Standards & Appeals (290 N. Y. 109, 115, 116) and Matter of Hickox v. Griffin (298 N. Y. 365). In the Thomas case (supra) a use district zoning variance granted under section 21 of the Zoning Resolution was found by the Appellate Division to be reversible error but it sustained the board, nevertheless, on the ground that, under a new subdivision of section 7 of the Zoning Resolution and under the findings of the board, ‘1 a complete case for the granting of the temporary *557 and conditional variance” was established. The Court of Appeals reversed and annulled the determination of the board for two reasons: (1) that the return of the board did not show that substantial justice would be done by a grant and (2) that there remained an issue to be decided by the board in the first instance, viz., “ whether hardship antecedently incurred by an owner to give color to an undue prayer for relief under section 21 may appropriately be held to give rise to a larger privilege under the subsequently enacted section 7(f).” Here, however, the record and return make a complete case for a reversal of the decision of the Borough Superintendent as a matter of law. No issues remain to be decided.
In the Hickox case (supra) the Court of Appeals found that the grant of a use district variance on ground of “ unnecessary hardships ” (similar to New York City Zoning Resolution, § 21) could not be upheld. It refused to sustain the determination, under a special exception provision of the law, for the reason that the variance had been granted without qualification while a special exception could be granted only if “ subject to appropriate conditions and safeguards.” Here, however, the conditions under which the two-family dwelling may be permitted are substantially the same whether it is permitted as a matter of right or pursuant to a variance; either way, the requirements of the board under Calendar No. 281-53-A must be complied with.
In any event, the Board of Standards and Appeals is vested with power to grant a variance of the area district requirements pursuant to section 21 of the Zoning Resolution.
At first blush, it might appear that a variance to permit the continuance of a two-family dwelling in a district where only one-family dwellings are now permitted is & use district variance. A reading of the statute discloses that the restriction against two-family dwellings in G--1 Area Districts is contained in article IV of the Zoning Resolution, which relates to area district regulations. The decision of the Borough Superintendent states that the proposal is contrary to section 16-C of article IV of the Zoning Resolution. The tests laid down in Matter of Otto v. Steinhilber (282 N. Y. 71) apply to use district variances but they are not applicable in their entirety to an area variance. (Matter of Ryback v. Murdock, 1 A D 2d 132, 133.) But, as the Appellate Division, First Department, held in that case, “ it is elemental however, that before the board may grant a variance, the record must disclose some basis to justify a conclusion that there are practical difficulties and unnecessary hardships.” Such basis is disclosed. *558 The record and return of the board contain sufficient proof to warrant the determination of the board. (359 W. 34th St. v. Board of Stds. & Appeals of the City of N. Y., 279 App. Div. 1032, affd. without opinion, 305 N. Y. 878; Matter of Douglaston Civic Assn. v. Board of Stds. & Appeals, 278 App. Div. 659; Matter of Sima v. Board of Stds. & Appeals, 278 App. Div. 785; Matter of Kelly v. Murdock, 275 App. Div. 786.)
The plight of the owner herein is not similar or common to the general neighborhood so as to warrant a change in the Zoning Resolution itself, but is special and peculiar to applicant’s property empowering the board to allow the variance. (Matter of Clark v. Board of Zoning Appeals, 301 N. Y. 86.) It is apparent that this is not a case where a zoning variance is proposed to establish a two-family dwelling in a one-family zone. Rather, it is a case where a zoning variance is proposed to permit the continuance of an existing two-family occupancy and to allow the owner to comply with the provisions of the Administrative Code as modified by the board in 1953. The circumstances affecting this parcel could only be applicable to the subject property and not to any other in the area.
There being ample proof that the dwelling involved is in harmony with the general character of the neighborhood and that the variance allowed would not in any manner be detrimental to the interests of public health, safety or general welfare, and that it would neither depreciate the value of the remaining properties nor interfere with the enjoyment or use of such properties, the determination of the respondents does substantial justice and must stand. In the absence of a showing that the board manifestly abused its discretion, its determination must be sustained. The remaining objections raised by the petitioners herein are not substantiated by the record.
It is therefore the finding of this court that the decision of the Board of Standards and Appeals, which granted permission to continue to maintain the two-family dwelling occupancy which had been established prior to the time when such occupancy became prohibited for buildings thereafter erected or altered, must be sustained in order that substantial justice may be done. This decision is made on two separate and independent grounds that (1) the owner is entitled to such permission as a matter of law and right (on condition that the requirements of the Administrative Code, as modified by the board under Calendar No. 281-53-A are met) and (2) the record and return of the board contain sufficient facts and findings to show that there are practical difficulties and unnecessary hardships in the way of carrying out the provisions of the Zoning Resolution, that *559 the variance is in harmony with the general purpose and intent of the Zoning Resolution, that the public health, safety and general welfare are secured by such determination (which also requires, among other conditions, compliance with the requirements of the Administrative Code, as modified by the board under Calendar No. 281-53-A) and that substantial justice is done thereby.
In either event, it is the view of this court that the condition contained in Calendar No. 281-53-A, limiting the attic floor occupancy to occupancy by the ‘ ‘ separate family related to the owner ” has been properly superseded by the condition contained in Calendar No. 329-57-BZ permitting the premises “ to be continued as a two family dwelling.”
Accordingly, the petition is dismissed. Submit order.