## Stokes, Appellant, *v.* Zoning Board of Adjustment.

Argued November 23, 1960. Before BELL, MUS-MANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Alexander E. Bragdon*, for appellant.

*Levy Anderson*, First Deputy City Solicitor, with him *Matthew W. Bullock, Jr.*, Assistant City Solicitor, *James L. Stern*, Deputy City Solicitor, and *David Ber-*

*ger,* City Solicitor, for zoning board of adjustment, appellee.

Opinion by Mr. Justice Cohen, January 16, 1961:

This is an appeal from the order of the Court of Common Pleas No. 2 of Philadelphia County affirming the Zoning Board of Adjustment's refusal to grant a permit for an alleged nonconforming use.

After being served with a notice of violation by the zoning administrator, the appellant, Samuel Stokes, Jr., filed an application with the appellee Zoning Board of Adjustment (Board) in which he sought permits for (1) the storage of contractors' equipment and materials and (2) a repair shop for contractors' equipment. Both uses were sought as nonconforming uses, rather than as variances, in a "C" residential district. The Board granted a permit for the storage of contractors' equipment but refused a permit for the repair shop. Appellant appealed from this refusal and contestants appealed from the permit granted. Both appeals were consolidated in the court of common pleas which remanded the case to the Board for additional testimony on the nature and type of uses of the property in question in the year the Philadelphia Zoning Ordinance was enacted (1933). The Board heard additional testimony from both sides and subsequently published supplemental findings reaffirming its original decision.

The testimony before the Board can be summarized as follows. The present owner, appellant, purchased the grounds in 1923. At that time he had about thirty-two horses and twenty assorted wagons and other pieces of contractors' equipment which he stored on the premises. He rented this equipment to others for hauling and excavation work. Subsequently a frame hut to house a blacksmith shop was built and rented to another party. The testimony conflicted as to whether it was built in 1925 or after 1933. It was used to shoe

horses and to repair the vehicles on the premises, but there was conflicting testimony as to whether the blacksmith, in addition, did work for the public generally. The blacksmith shop continued operations until 1951 when the building burned.

About 1925, appellant built a frame building on the premises with stalls for fifteen to twenty horses. He rented these horses with his wagons and occasionally stored horses of others. Sometime after 1933, the building ceased to be used as a stable and was used to house automotive vehicles until it too burned in 1951. It was then rebuilt and leased to a trucking company. After the trucking company failed, appellant took over the property, moved in the present machinery and began to operate a business of repairing broken tractor treads and heavy earth-moving equipment, as well as contractors' equipment.

The blacksmith shop had the usual modest blacksmith's equipment—anvil, common forge and various hand tools. The present operation includes two electric welders, one portable welder, a verticle press, crane and a grinding lathe and requires a complement of seven employees.

The Board found that there was no relationship between the use of appellant's present business of repairing tractors and the business of excavating and dumping as conducted by the applicant in 1933. From the order of the court below, affirming the refusal of the Board to grant a permit for the repair of contractors' equipment as a nonconforming use, this appeal was taken.

It follows from the Board's findings and conclusions that the blacksmith shop was an accessory rather than a principal use. The Board's findings in this matter are supported by ample and convincing evidence. Since an accessory use can not be the basis for the establish-

ment of a nonconforming principal use, *Upper St. Clair Twp. Grange Zoning Case,* 397 Pa. 67, 152 A. 2d 768 (1959); *Williams Appeal,* 174 Pa. Superior Ct. 570, 102 A. 2d 186 (1954); *Yocom's Appeal,* 142 Pa. Superior Ct. 165, 15 A. 2d 687 (1940); Wolffe, Pennsylvania Zoning Digest, pp. 25, 271, we need not consider appellant's contention that the Board applied incorrect law when it decided that the present business of repairing heavy earth-moving and contractors' equipment was not a continuation or a modern version of the one-man blacksmith shop.

Order affirmed.