costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.

■ In the Matter of HAROLD RUBIN et al., Appellants, v JOHN WALLACE et al., Constituting the Board of Building and Zoning Appeals of the City of Albany, Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered July 25, 1977 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, seeking to annul a determination of the respondent Board of Building and Zoning Appeals of the City of Albany. This appeal seeks review of respondent board's determination that a certain building in the City of Albany containing seven apartments is a legal, nonconforming use under the city's present zoning ordinance which restricts the subject area to one- and two-family dwellings. The building in issue was converted from a one-family residence to a multiple-unit apartment house in 1967. At that time, the applicable zoning ordinance restricted use to "dwellings or tenements" and "boarding houses" (Proceedings of City of Albany Common Council, April 21, 1958, p 204). Although the use clearly fell within this category, the building's occupation violated section 16 of the former ordinance in that the Commissioner of Buildings did not issue a certificate of compliance "stating that the premises or buildings complies with all the provisions of this ordinance." The present zoning law defines a nonconforming use as a use that was lawful when the new ordinance was adopted, but one not conforming to the new zoning pattern (Zoning Ordinance, City of Albany, p 56). Section 11.400 of the ordinance states that any land or structure in violation of the predecessor ordinance as well as the present ordinance shall not constitute a legal nonconforming use. Petitioners complained first to the Commissioner of Buildings that the structure, admittedly nonconforming, was in violation of zoning and housing laws when the new zoning ordinance was adopted in 1968, and, thus, was incontravention of the new zoning ordinance. The commissioner denied the claim and an appeal to the Albany Board of Building and Zoning Appeals met with a similar fate. Petitioners sought review in Supreme Court and Special Term held respondent's decision to be reasonable under the circumstances. Refining the primary legal issue before us, we must decide whether an owner's failure to procure a certificate of occupancy for a building otherwise in compliance with the zoning laws renders the use illegal and, thus, bars a finding that the occupancy may continue as a nonconforming use. We hold that it does not. The administrative body designated to administer local ordinances is given much leeway in construing those ordinances, partially so that it may effectuate the purposes of the statutes. In the instant case, respondent board faced a complaint that a building, not conforming to present uses, had been occupied illegally not because its usage was impermissible, but because the owner had failed to procure a certificate of compliance. Since that certificate need only have stated that the building complied with the ordinance and respondent board had nothing before it to suggest that the building had otherwise not been in compliance with the ordinance, respondent viewed the violation as technical only. It believed that there was no violation of the prior ordinance and the purposes of the new ordinance would best be sustained by dismissing petitioners' objections. This view of the situation is entirely reasonable and should be upheld. As Anderson states in his highly regarded treatise, "A use which is otherwise lawfully maintained may be continued as a nonconforming use although the user failed to procure or renew a license, certificate, or other permit required by law" (Anderson, Zoning Law and Practice in New York, § 6.10). We note further that

petitioners' claim of violations of the housing laws is irrelevant to an inquiry into nonconforming uses under the zoning ordinances. These are separate matters. However, no building, conforming or nonconforming, should be permitted to suffer housing violations with impunity. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.