Anthony Pushnik and Jerome Pushnik, Appellants *v.* Hempfield Township, A Municipal Corporation, Appellee.

Argued May 7, 1979, before Judges WILKINSON, JR., DiSALLE and MacPHAIL, sitting as a panel of three.

*George A. Conti, Jr.,* for appellants.

*Thomas J. Godlewski,* for appellee.

OPINION BY JUDGE WILKINSON, JR., June 11, 1979:

The Pushnik brothers (appellants) are appealing an order by the Westmoreland County Court of Common Pleas requiring them to clean up their property and remove all junk, debris, automobile parts, equipment parts, building materials, used machinery and unlicensed and inoperable vehicles. The order expressly permits appellants to continue to use the property for their construction business. We affirm.

Appellants have owned nine and one-half acres in Hempfield Township (Township) in Westmoreland County since 1946. The land was used variously throughout the years; from 1964 through 1966 it was a licensed junkyard. By 1969 it was no longer a licensed junkyard and it became the base for a septic tank, excavating, sewer and water line business. It is this business which the court order permits to continue.

On January 5, 1970 the Township passed zoning regulations which defined a junkyard as, "[a]ny place within the township where junk as herein defined is

stored, disposed of, accumulated or maintained. Any premises having one (1) or more used, unlicensed and inoperable automobiles or other vehicles thereon shall in any event be deemed a 'junkyard'. . . .'' Hempfield Township Code (Code), Section 52-1, and required a license for being a junkyard dealer (*See* Sections 52-2 of the Code).

Junkyards are only allowed in I-2 or Heavy Industrial zones. Appellants' land is zoned partially residential and partially agricultural.

In April 1976 the Township Ordinance Officer made an inspection of appellants' property and found that it fit the Township's definition of a junkyard. Since appellants' property was not in an area in which zoning allows junkyards, the Township notified appellants to clean up their property within ten days. Appellants applied for a junkyard license which was, of course, denied because they are not in an I-2 district. Appellee asked the court of common pleas for an injunction to mandate a cleanup and the court so ordered on March 18, 1978. Exceptions were filed and were dismissed by the court en banc on April 17, 1978. This appeal followed.

Appellant argues that the Township has no power to ask for an abatement of a nuisance because it has no ordinance which defines nuisance. This is simply not the law. Under Section 702 of The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §65712, the Township has the power:

To prohibit nuisances, including but not limited to, accumulations of garbage and rubbish, and the storage of abandoned or junked automobiles, on private and public property, and the carrying on of any offensive manufacture or business; and to remove any nuisance or dangerous structure on public or private grounds

after notice to the owner to do so, and, in his default, to collect the cost of such removal, together with such penalty as may be prescribed by ordinance from the owner by summary proceedings or in the manner provided for the collection of municipal claims or by an action of assumpsit without the filing of a claim. In the exercise of the powers herein conferred, the township may institute proceedings in courts of equity.

Even without this power the Township has the ability to enforce its own ordinances and zoning regulations. Appellants cannot contest that it is a junkyard for indeed they have applied for a license.

The only argument of any substance offered by appellants is that they are entitled to a license for a junkyard because it is a nonconforming use. This argument must fall for either of two reasons. First, since 1966 the property has not been licensed as a junkyard and therefore any nonconforming use in effect at the time these zoning regulations were passed in 1970 was illegal and could not qualify as a nonconforming use. *Commonwealth v. Cieslak,* 179 Pa. Superior Ct. 441, 115 A.2d 418 (1955). At most, it could have been an illegal accessory use, and accessory uses do not ripen into nonconforming uses. *Stokes v. Zoning Board of Adjustment,* 402 Pa. 508, 167 A.2d 316 (1961).

Accordingly, we will enter the following

ORDER

AND Now, June 11, 1979, the order of the Westmoreland County Court of Common Pleas, Civil Division No. 1290 of 1976, dated April 17, 1978 is hereby affirmed.