The BOARD OF ADJUSTMENT OF the CITY OF SAN ANTONIO, Texas et al., Petitioners,

v.

Robert F. NELSON and Sally Nelson, Respondents.

No. B–8411.

Supreme Court of Texas.

July 3, 1979.

Rehearing Denied July 24, 1979.

Jake N. Talley, Jr., William H. Robison and Dan Dennis Hartnett, Gilliland, McNeil & Davis, Dan D. Hartnett, San Antonio, for petitioners.

Bayne, Snell & Krause, Don Krause, San Antonio, for respondents.

PER CURIAM.

Petitioner Jones applied to the San Antonio Board of Adjustment in October 1977 for a nonconforming use permit. The Board granted the permit over the objections of respondents Nelsons, residents in the affected neighborhood. On writ of certiorari to the District Court, summary judgment was rendered reversing the decision of the Board of Adjustment and setting aside the nonconforming use permit. The Court of Civil Appeals affirmed. 577 S.W.2d 783.

Jones has owned the lot in question since 1969. On the lot was located her sign man-

ufacturing company which began business in 1969. The land was annexed to San Antonio in 1972. At the time of annexation, the neighborhood was zoned R-1, residential. The operation of the sign manufacturing business was, therefore, a nonconforming use.

Section 42-35 of the City Code provides that all nonconforming uses and structures in newly annexed territory shall be registered with the City within one year of annexation. Jones therefore should have registered her nonconforming use with the City by 1973. Jones has not registered with the City.

Section 42-37 of the Code is titled "Termination of Nonconforming Uses" and provides five ways in which nonconforming uses may be terminated. Section 42-37(b) states:

"(b) *By violation of chapter.* The violation of this chapter shall terminate immediately the right to operate a nonconforming use."

The Court of Civil Appeals held that Jones' failure to register her nonconforming use was a violation of Section 42-35. Therefore, the court reasoned, by the terms of Section 42-37(b), Jones' right to operate the sign business terminated in 1973, and the Board's order holding otherwise was void.

We affirm the judgment of the Court of Civil Appeals but for a reason not stated in that court's opinion. Section 42-37(a) of the City Code relates to termination of nonconforming uses by reason of abandonment. It provides:

"(a) *By abandonment.* Abandonment of a nonconforming use shall terminate immediately the right to operate such use. Abandonment shall consist of the intent of the user of said nonconforming use to discontinue said operation coupled with an actual discontinuance of said use . . . ."

The evidence conclusively established abandonment by Jones of her nonconforming use. All manufacturing activities ceased in March 1976. The last sign was sold in November 1976. It was admitted that Jones had gone out of business, and that

the only reason she sought a nonconforming use permit in October 1977 was because a prospective buyer of her land demanded such a permit as a condition to purchasing the property.

We express no opinion on the Court of Civil Appeals holding that the Board's order was void because of Jones' failure to register her nonconforming use with the City.

The application for writ of error is refused, no reversible error.

SPEARS, J., not sitting.