**BOARD OF ZONING APPEALS,
BLOOMINGTON, INDIANA,
Appellant–Respondent.**

v.

**Jack LEISZ and Barbara Leisz,
Appellees–Petitioners.**

No. 53A01–9703–CV–82.

Court of Appeals of Indiana.

Nov. 12, 1997.

Rehearing Denied Jan. 6, 1998.

Susan G. Montgomerey, Assistant City Attorney, City of Bloomington, Bloomington, for Appellant–Respondent.

Thomas M. McDonald, Diane J. Walker, Applegate McDonald & Koch, Bloomington, for Appellees–Petitioners.

## OPINION

ROBERTSON, Judge.

The Board of Zoning Appeals, Bloomington, Indiana [BZA] appeals the trial court's grant of writ of certiorari relief from a decision of the BZA upon the application of Jack and Barbara Leisz [Landlord]. The BZA raises three issues, none of which constitute reversible error.

## FACTS

The largely undisputed facts reveal that Landlord owns two student rental properties adjacent to the Indiana University Campus in Bloomington, Indiana. The Landlord purchased these rentals in 1989. One of these properties is rented to four adults, and the other is rented to five. As such, both properties are in nonconformance with (or in violation of) Bloomington Municipal Code § [BMC] 20.04.01.00 [Title 20 *zoning* ordinance], which limits occupancy in certain neighborhoods near the campus to three unrelated adults. The two properties have continuously been rented to more than three unrelated adults since before the June 8, 1985, effective date, of the Title 20 zoning ordinance.

Bloomington has another municipal ordinance, BMC § 16.12.060 [Title 16 *housing* ordinance], which has been in effect for over twenty years. The Title 16 housing ordinance requires that all rental units be registered with the City Engineering Department in order to subject them to inspections to enforce minimum standards for rental units to protect the health, safety, and welfare of the public. *Noble v. Alis,* 474 N.E.2d 109, 111, 113 (Ind.Ct.App.1985) (Involving the Bloomington Title 16 housing ordinance), *trans. denied.*

In conjunction with the enactment of the Title 20 zoning ordinance which limited occupancy to three unrelated adults, Bloomington passed a "grandfathering" provision, BMC § 20.06.02.04(b), which required the owners of properties which became nonconforming uses under the new zoning ordinance to be registered as such by October 1, 1985, to preserve their lawful, nonconforming use status. Notice of the new Title 20 zoning ordinance and the requirement that nonconforming uses be grandfathered by registration was mailed to all property owners registered under the Title 16 housing ordinance. Notice of the opportunity/requirement to grandfather one's nonconforming use was also provided in the local newspaper during the summer of 1985.

However, the two rental properties involved in the present case had not been registered under the Title 16 housing ordinance in 1985 and, as such, had been in violation of that ordinance when the Title 20 zoning ordinance became effective on June 8, 1985. Moreover, as the two properties in question had not been registered under the Title 16 housing ordinance, notice of the grandfathering registration requirement under Title 20 was not mailed to the owners. Thus, the nonconforming uses were not

"grandfathered" by registration under Title 20. However, the properties were later brought into compliance with the Title 16 housing ordinance.

In 1993, the Bloomington Ordinance Control Department notified Landlord that the properties were in violation of the Title 20 zoning ordinance. Landlord argued that the properties were exempt from the ordinance as pre-existing, lawful, nonconforming uses. After an evidentiary hearing, the BZA rejected Landlord's argument finding 1) that the use of the properties had not been *lawful* on the effective date of the Title 20 *zoning* ordinance because they had been in violation of the Title 16 *housing* ordinance, 2) the properties had not been registered under the grandfathering ordinance, and 3) Landlord had not established that the rentals had continuously been occupied by more than three adults over the intervening years.

Landlord sought writ of certiorari review in the trial court. Initially, the trial court affirmed the decision of the BZA. However, the trial court granted Landlord's motion to correct error and reversed the BZA. This appeal ensued. Additional facts are supplied as necessary.

### DISCUSSION [1]

As noted in *Bloomington BZA v. Elkins*, 659 N.E.2d 681 (Ind.Ct.App.1996), *trans. denied:*

> The trial court in conducting a writ of certiorari review of a decision by the BZA must determine if that decision was incorrect as a matter of law. The trial court may not conduct a trial de novo and may not substitute its decision for that of the board absent such illegality. Generally, if there is sufficient evidence to support the board's decision (which is otherwise legal), it must be upheld. On appeal, this court is restricted by the same considerations.

*Id.* at 683 (Citations omitted). As recently stated by this court:

> A 'nonconforming use' is a use of a premises which lawfully existed prior to the enactment of a zoning ordinance, and which is allowed to continue after the effective date of the ordinance even though it does

not comply with the applicable use restrictions. Existing nonconforming uses are typically exempted from use restrictions because the right of a municipality to enact zoning restrictions is subject to the vested property interests acquired prior to the enactment of the ordinances. An ordinance prohibiting any continuation of an existing lawful use in a zoned area is unconstitutional as a taking of property without due process of law, and as an unreasonable exercise of police power. Once a legal nonconforming use has been established, the burden of proving the termination of that use rests on those opposing the non-conforming use.

*Ragucci v. Metropolitan Development Commission of Marion County*, 685 N.E.2d 104, 105 (Ind.App.1997).

### I.

### *Whether the Violation of the Housing Code Rendered the Use Unlawful*

For a nonconforming use of property to have continued recognition, it must have been a *lawful* use in existence prior to the enactment of the zoning regulation involved. *Wesner v. Metropolitan Development Com'n of Marion County*, 609 N.E.2d 1135, 1138–39 (Ind.Ct.App.1993). Existing uses which were not legally commenced or continued are not entitled to protection. 83 Am.Jur.2d *Zoning and Planning*, § 628 (1992). A nonconforming use may not be established through a use of land which was commenced or maintained in violation of a zoning ordinance. *Id.* Accordingly, in *Bird v. Delaware Muncie Metropolitan Plan Com'n*, 416 N.E.2d 482 (Ind.Ct.App.1981), we held that a nonconforming use could not be continued due to the failure of the owners to obtain building and occupancy permits as required under the applicable *zoning* ordinances. *Id.* at 487–88. In *Wesner*, we held that, despite the former owner's maintenance of valid licenses to operate the business as a massage parlor, the planning commission appropriately determined that the nonconforming use had been unlawful because the evidence showed that the business had been

1. Oral argument was held on this case on September 9, 1997.

operated as a house of prostitution. 609 N.E.2d at 1138–39.

In the present case, the trial court determined that the violation of the Title 16 *housing* ordinance did not render the properties *unlawful* in the context of determining whether the properties qualified as lawful nonconforming uses under the *zoning* code. We agree.

An exception to the rule precluding the establishment of a nonconforming use by means of a use which is illegal has been recognized where the law or ordinance violated does not relate to zoning. 83 Am. Jur.2d §§ 628, 634; *Anderson's American Law of Zoning* (4th ed.1995) § 618. Thus, not every failure to procure or renew a license results in a forfeiture of a right to continue as a nonconforming use. *Id.*; *Carroll v. Hurst*, 103 Ill.App.3d 984, 59 Ill.Dec. 587, 590, 431 N.E.2d 1344, 1347 (1982) (Nonconforming use status approved despite failure to obtain license to operate an automobile junkyard under a statute intended to prevent the easy disposal of stolen vehicles); *Rubin v. Wallace*, 63 A.D.2d 763, 404 N.Y.S.2d 733 (1978) (A landowner who established a multiple dwelling use when such use complied with the zoning ordinance can assert a right of nonconforming use following a restrictive amendment, notwithstanding that he failed to procure a certificate of compliance); *City of Middlesboro Planning Commission v. Howard*, 551 S.W.2d 556 (Ky. 1977) (Nonconforming use status approved despite failure to obtain trucking business license); *Trailer City, Inc. v. Council Bluffs*, 218 N.W.2d 645 (Iowa 1974) (Nonconforming use status approved despite failure to renew state license to operate mobile home park); *Platt v. Murdock*, 24 Misc.2d 552, 193 N.Y.S.2d 869 (1959) (Nonconforming use status approved to the owner of a house occupied by two families despite the fact that the owner had failed to obtain the required occupancy permit); *Scavone v. Mayor and Council of Borough of Totowa*, 49 N.J.Super. 423, 140 A.2d 238 (1958) (Nonconforming use status approved despite failure to renew license to operate used car lot); *Henning v. Goldman*, 8 Misc.2d 228, 169 N.Y.S.2d 817 (1957) (Nonconforming use status approved despite

former tenant's failure to renew license to operate parking lot); *But see Pushnik v. Hempfield Township*, 43 Pa.Cmwlth. 332, 402 A.2d 318 (1979) (Nonconforming use forfeited for failure to obtain license to operate junkyard); *Town of Scituate v. O'Rourke*, 103 R.I. 499, 239 A.2d 176 (1968) (Same as previous case cited); *Town of Wilson v. Kunstmann*, 7 Wis.2d 387, 96 N.W.2d 709 (1959) (Nonconforming use forfeited for failure to obtain a permit to park a trailer outside of a trailer park).

At the oral argument held September 9, 1997, Landlord's counsel argued that a plethora of municipal ordinances govern the use of real estate and the forfeiture of a vested property right based on the violation of an ordinance unrelated to the zoning code would be unreasonable. An example propounded by Landlord's counsel which we found persuasive was the idea that the violation of an ordinance prohibiting the overgrowth of weeds on the effective date of the new zoning ordinance could work a forfeiture of the right to a nonconforming use. Based on the above, we conclude that the trial court correctly determined that Landlord's predecessor's failure to register the rental units under the Title 16 *housing* code did not render the uses unlawful in the sense contemplated under the *zoning* code so as to work a forfeiture of the vested rights to the nonconforming uses.

## II.

### Grandfather Registration

In the present case, the trial court found that the owners' failure to register the property as a nonconforming use under the grandfathering provision did not work a forfeiture of their vested property right to the nonconforming uses on the following basis:

Their right to nonconforming use would be very hollow indeed if it could be lost to a grandfathering requirement, the notice of which was sent only to specific recipients, and which required registration within a very short period of time. Property

rights, including nonconforming use rights, should not be lost in such fashion.

Again, we agree.

 Both trial and appellate courts have the duty to see that fundamental rights of due process are not improperly denied in any type of action. *Dible v. City of Lafayette,* 678 N.E.2d 1271 (Ind.Ct.App.1997), *trans. pending.* No governmental entity has the power to violate or disregard a person's vested interest in real estate under a general grant of legislative authority. *Id.* The constitutional guarantee of due process of law is intended to prevent the State from exercising, by way of any of its departments, arbitrary or capricious power over its citizens or their property. *Id.* The constitutional prohibition against taking of property without due process of law forbids a legislature from taking away a vested right and similarly forbids any legislative attempt to take away immediately and completely all legal means for enforcement of said right as that would amount to a subversion of the right itself. *Guthrie v. Wilson,* 240 Ind. 188, 162 N.E.2d 79, 82 (1959); *Jackson Hill Coal & Coke Co. v. Board of Com'rs of Sullivan County,* 181 Ind. 335, 104 N.E. 497, 498 (1914).

 The most prevalent and effective zoning technique employed across the county for the elimination of nonconforming uses are amortization provisions which typically require the removal of a nonconforming use after a stated period of time. Mandelker, Daniel R., *Land Use Law* § 5.70 (3d ed.1993). Nevertheless, the Indiana supreme court has vigorously protected vested interests in nonconforming uses by holding that amortization provisions are unconstitutional regardless of the length of time given to amortize a nonconforming use. *Ailes v. Decatur County Area Planning Com'n,* 448 N.E.2d 1057, 1060 (Ind.1983), *cert. denied,* 465 U.S. 1100, 104 S.Ct. 1593, 80 L.Ed.2d 125.

In similar fashion, we hold that the trial court correctly determined that a vested property interest in a nonconforming use may not be forfeited by the mere failure to register it under a grandfathering provision. *Accord, Appeal of Suburban General Hospital,* 48 Pa.Cmwlth. 273, 410 A.2d 85 (1980)

(Failure to register nonconforming use did not constitute abandonment); *But see, Pfeffer v. Hopewell Township* 60 Pa.Cmwlth. 399, 431 A.2d 1149 (1981); *Board of Adjustment v. Nelson,* 577 S.W.2d 783 (Tex.Civ.App.1979) (Nonconforming use lost where owner failed to register it within the three year period provided by ordinance), *writ. refused,* 584 S.W.2d 701.

### III.

#### *Continuous Use*

As noted above, one of the elements required to establish the right to a nonconforming use is that the use have been continued in existence since the effective date of the restrictive zoning ordinance. *Wesner,* 609 N.E.2d at 1138. Landlord submitted affidavits which stated that the properties had continuously been rented to more than three adults since 1985. Landlord also submitted old leases which purported to corroborate the affidavits. The BZA argues that it could choose to disbelieve the self-serving statements in the affidavits, and points out that the leases do not conclusively establish the continuous occupancy asserted.

 The court may not reweigh the evidence before the agency but must affirm the administrative decision if there is substantial evidence in the record supporting the agency's decision. *Johnson County Plan Com'n v. Ramshead Corp.,* 463 N.E.2d 295, 300 (Ind.Ct.App.1984). However, the trial court is justified in reversing an administrative decision if it lacks a reasonably sound basis of evidentiary support. *Id.* Moreover, the "continuous" requirement is not as strict as the BZA has asserted. Discontinuance or abandonment of the right to continue a nonconforming use requires a voluntary act on the part of the owner that signifies both an intent to abandon and abandonment. *Dandy Co., Inc. v. Civil City of South Bend,* 401 N.E.2d 1380, 1383 (Ind.Ct.App.1980). Without the concurrence of intention and some voluntary act or failure to act evincing that the owner of the nonconforming use neither claims nor retains the right to exercise the use, there can be no abandonment. *Id.; See also, Jacobs v. Mishawaka BZA,,* 182 Ind.

App. 500, 395 N.E.2d 834, 838–39 (1979) (Right to nonconforming use survived despite period of discontinued use).

In the present case, the trial court reversed the BZA's finding on this matter on the basis that the only evidence submitted showed the continuous occupancy of the rental units in nonconformity with the ordinance. We agree with that there is no evidence in the record that occupancy of the rentals dropped below four unrelated adults. Moreover, there has never been any contention that the owners of the rental properties in question had ever intended to abandon the nonconforming uses. Therefore, the trial court correctly determined that the BZA's decision could not be sustained on the basis that Landlord failed to prove continuous nonconformity.

Judgment affirmed.

HOFFMAN and BARTEAU, JJ., concur.