PATRONS OF THE NOBLE COUNTY SCHOOL CORPORATION ET AL. *v.* SCHOOL CITY OF KENDALLVILLE ET AL.

[No. 30,130. Filed December 20, 1963. Rehearing denied January 23, 1964.]

Ralph W. Probst, and Probst & Probst, of Kendall-ville, for appellants.

Glen E. Thrapp, Merritt W. Diggins, of Kendallville, Charles C. Fraze, of Albion, Albert J. Kuster, of Ligonier, Robert D. Risch, Robert D. McCord, Jr.; and Ross, McCord, Ice & Miller, of counsel, all of Indianapolis, for appellees.

JACKSON, J.—Plaintiffs instituted an action for injunction in the Noble Circuit Court, Noble County, Indiana, against the defendants, resulting in a finding and judgment for defendants and against the plaintiffs. From such judgment stems this appeal.

This appeal involves both the constitutionality of the School Corporation Reorganization Act of 1959, being Acts 1959, ch. 202, §28-6101 et seq., Burns' 1962 Cum. Supp., and the particular application of the Act to the reorganization of the School Corporation in Noble County, Indiana.

For the purpose of this opinion we adopt the summary of the School Reorganization Act presented by the appellees at pages two and three of their brief, which reads as follows:

"Briefly, the Act contemplates the establishment of a committee in each county of the state whose function is to prepare a comprehensive plan for the reorganization of the school corporations in

that county. Each plan must be supported by certain studies and surveys specified by the Act. The county committee then is required to hold a public hearing on the plan and may thereafter revise or modify the plan so that it reflects suggestions made at the hearing. The plan next must be submitted to the State Commission for the Reorganization of Schools for its approval, and public hearings on the plan must be held by the State Commission. After approval by the State Commission, any community school corporation provided for in the comprehensive plan may be created either by the petition of 55% of the registered voters residing within the boundaries of such community school corporation or by approval of the community school corporation by the voters residing within the boundaries of such community school corporation at a special election. Following the establishment of a community school corporation, the circuit court judge of the county wherein such community school corporation is located is empowered to appoint the first board of school trustees. The board of school trustees of each community school corporation is authorized to levy taxes annually for the purpose of operating such school corporation. The purpose of the Act is set out in section 6 (3) (h) thereof:

" 'It is the purpose of this Act to encourage the development of school corporations which are of sufficient size to provide adequate educational opportunities to the youth of this state. . . .' "

Pursuant to the Act, the Noble County School Reorganization Committee was formed in September 1959. Thereafter through the latter part of 1959 and the early part of 1960 the studies and surveys required by the Act were made under the supervision of the committee. Thereafter, on May 26, 1960, the committee adopted a preliminary plan which contemplated the reorganization of the existing school corporations in Noble County into three community school corporations—East Noble, West Noble and Noble Central. On June

13, 14, and 15, 1960, the committee held public hearings through Noble County on the preliminary plan. On June 15, 1960, the committee adopted the preliminary plan as its final plan for school reorganization. This final plan was submitted to the State Commission which held a public hearing thereon in Noble County on July 6, 1960. On July 21, 1960, the State Commission approved the plan. No petition of voters having been received, the plan for each of the three community school corporations was submitted to the voters residing within the boundaries of each such community school corporation on November 8, 1960. These elections were called by the judge of the Noble Circuit Court pursuant to the Act. The result of these elections was approved by the voters of the East Noble and West Noble School Corporations, and disapproved by the voters of the Noble Central School Corporation. On December 8, 1960, appellants commenced this action. Pursuant to the Act, the judge of the Noble Circuit Court on December 30, 1960, appointed the first boards of trustees for the East Noble and West Noble School Corporations.

Plaintiffs' original complaint was in eight [8] rhetorical paragraphs alleging *inter alia* that Senate Bill No. 6 (being Acts 1959, ch. 202, *supra*) is unconstitutional in that it did not originate in the House being in part a revenue bill; that it violates Art. 3, §1 of the Constitution in that it commingles the executive, administrative and judicial departments; that it in various ways takes the property of plaintiffs without due process and is therefore unconstitutional; that thereafter, appellants filed a supplemental complaint alleging the acts of the legislature were unconstitutional by reason of a failure to reapportion and by virtue of a judgment of Marion Superior Court that since 1927 the Indiana

General Assembly had failed to discharge its constitutional duty and that by reason thereof said ch. 202, *supra*, was invalid. A demurrer was sustained thereto.

Appellants' complaint as appears from the record before us is in a state of planned confusion containing nebulous assertions of unconstitutionality and its brief follows the same general plan.

The appellants' motion for new trial in substance is predicated on the following grounds:

1. That the court erred in sustaining the demurrer to plaintiffs' supplemental complaint;

2. The court erred in denying plaintiff's written motion for special findings of fact and conclusions of law.

3. That the decision of the court is not sustained by sufficient evidence.

4. That the decision of the court is contrary to law.

5, 6, 7, 8. That the court erred in admitting in evidence, over objection, certain exhibits.

9, 10, 11. That the court erred in admitting in evidence, over objection, the testimony of certain witnesses.

Appellants' assignment of errors is as follows:

"1. The Court erred in overruling appellants' motion for a new trial.
"2. The court erred in sustaining appellees' demurrer to appellants' supplemental complaint.
"3. That the court erred in overruling appellants' demurrer to appellees' second and third paragraphs of answer."

Appellants' first contend that because the General Assembly has not been reapportioned since 1921, any legislation enacted since 1927 is unconstitutional and that therefore the Act is unconstitutional.

That issue was presented to the court and determined adversely to appellants' contention in *Fruit* v. *Metropolitan School District,* etc. (1961), 241 Ind. 621, 172 N. E. 2d 864.

Appellants contend that the trial court committed reversible error by denying their motion for special findings of fact and conclusions of law.

■ The record before us discloses that the trial of this cause was commenced in the trial court on March 27, 1961, "Evidence of plaintiffs heard in part. Cause is now adjourned to reconvene March 28, 1961, at 9:00 o'clock A.M." The record further discloses that on March 28, 1961, appellants filed their motion for special findings, etc. This court has heretofore said, "[w]e are of the opinion that if the request for a special finding is not made at the commencement of trial, the right thereto is waived, and thereafter it becomes a question within the sound discretion of the court whether it will make a special finding or not." *Hartlep, et al.* v. *Cole* (1889), 120 Ind. 247, 253, 22 N. E. 130.

■ Specifications three and four of appellants' motion for a new trial we deem without merit for the reason that the procedures followed were pursuant to the provisions of the Act, are constitutional, and the decision of the court is, in our opinion, sustained by sufficient evidence and is therefore not contrary to law. *Fruit* v. *Metropolitan School District, supra.*

Specifications five, six and seven may be disposed of without unduly extending this opinion for the reason that it is incumbent on the appellant to show that they were prejudiced by the rulings of the court with respect thereto, there is no such showing here and even if there was error here it was not

reversible error. *Terre Haute Gas Corporation* v. *Johnson* (1943), 221 Ind. 499, 509, 45 N. E. 2d 484; Acts 1881 (Spec. Sess.), ch. 38, §137, p. 240, being §2-1071, Burns' 1946 Replacement.

Specification No. 8 of appellants' motion for new trial and assignment of error No. 1 is not supported by argument or authority and is therefore waived.

Specifications Nos. 9 and 10 of appellants' motion for new trial may be considered together as they relate to the testimony of the judge concerning certain appointments made after he had disqualified himself to act in the case. The testimony related to acts performed ministerially by the judge and as such could properly be made by the regular judge. *Galey* v. *Board, etc.* (1910), 174 Ind. 181, 91 N. E. 593.

Appellants' motion for new trial paragraph eleven contends that the admission into evidence of defendants' exhibit J., identified as a Canvassers Sheet of the Noble County Board of Canvassers disclosing the results of the referendum, was error in that neither the general election law nor the Act makes any provision for the preparation of such a record. Section 7 [2] of the Acts, 1959, ch. 202, *supra*, makes the general election laws applicable except as otherwise provided in the Act.

The general election law, Acts 1945, ch. 208, §294, p. 680, being §29-5211, Burns' 1949 Replacement, provides that the county board of canvassers prepare a statement of the votes cast. The provision of the Act making the general election laws applicable, where not inconsistent with the Act, would be meaningless if not taken to mean those acts are to be incorporated in and become a part of the referendum provisions of the Act.

The judgment of the trial court is affirmed.

Landis, C. J., Achor and Myers, JJ., concur; Arterburn, J., concurs in result.

NOTE.—Reported in 194 N. E. 2d 718.