MORRIS ASHLEY *v.* CITY OF BEDFORD.

[No. 1-973A159. Filed June 28, 1974.]

*J. Grant Moore,* of Bedford, *William K. Steger, Bunger, Harrell & Robertson,* of Bloomington, for appellant.

*Gordon R. Henderson, Henderson & Henderson,* of Bedford, for appellee.

LYBROOK, J.—On a complaint filed by plaintiff-appellee City, defendant-appellant Ashley was found guilty of operating a business on certain residential property in violation of the applicable zoning ordinance contained in the city municipal code. The following issues are presented for review in this appeal:

1. Whether the judgment of the court is contrary to the evidence and, therefore, contrary to law.
2. Whether the court erred in overruling Ashley's objection to the admission of certain evidence.

Ashley does not contest the fact that on May 28, 1969, the date specified in the complaint, he was operating a wrecker service and automobile repair business at his residence. Neither does he contest the fact that this business use does not conform to the residential zoning classification applicable to his property.

The basis of Ashley's defense at trial, and the grounds upon which his primary argument in this appeal rests, is that the business operation is a valid non-conforming use which he has continually conducted from a time prior to May 2, 1961, the effective date of the zoning ordinance allegedly violated.

## I.

Proof of a pre-existing non-conforming use constitutes a defense to an action alleging the violation of a zoning ordinance, assuming that such use has not been terminated under the terms of the ordinance. The burden of proving the non-conforming use rests upon the party asserting its existence, in this case Ashley. See, *O'Banion* v. *State ex rel. Shively* (1969), 146 Ind. App. 223, 253 N.E.2d 739.

The judgment of the trial court indicates a finding negative to Ashley on this issue. Hence, he may not challenge the sufficiency of the evidence to sustain the court's judgment with respect to this issue. In such an instance, our review is limited to the question of whether the verdict is contrary to law. Reversal will result in favor of the party with the burden of proof only where that party appears entitled to a verdict under undisputed evidence. We are, of course, limited to considering only that evidence most favorable to the appellee, together with all reasonable inferences which may be drawn therefrom. Only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, may the decision be set aside on the ground that

it is contrary to law. *State Farm Life Ins. Co.* v. *Spidel* (1964), 246 Ind. 458, 202 N.E.2d 886; *Dyer Construction Co., Inc.* v. *Ellas Construction Co., Inc.* (1972), 153 Ind. App. 304, 287 N.E.2d 262.

Several persons testified as to the character of the activities at Ashley's residence at or prior to the time of trial. As many as six to eight automobiles were on Ashley's premises at any given time. Many of these automobiles were wrecked and had been towed to the premises. Repair work was observed being performed on many of these autos. Witnesses also observed such activities as the pulling of motors and the dismantling of wrecked automobiles. These activities were carried out both inside and outside of a four car garage which Ashley had constructed on his premises during 1963; and were accompanied by noise such as hammering and the racing of engines, many without mufflers. Neighbors testified that the bulk of the activity was carried on in the evening hours and on weekends and that noise often continued into the early morning hours.

At one point during the presentation of the plaintiff's evidence, defense counsel offered to stipulate that a business was being conducted on Ashley's premises from 1961 to the time of trial. Plaintiff, however, was not willing to concede that any business operations were being conducted prior to the spring of 1963. Ashley's counsel then offered to stipulate that business activities had been conducted on the premises since 1963.

Defendant Ashley testified that in addition to other employment, he had been self-employed in the automobile repair business since 1947 and had owned wreckers since 1955. He further testified that general automobile repair work had been performed at his residence prior to 1961, when the zoning ordinance allegedly violated had become effective.

There is uncontradicted testimony that on at least four occasions prior to 1961, Ashley performed repairs at his

residence on other persons' vehicles. There is other testimony from persons who saw automobiles parked on Ashley's premises. However, not all of these persons actually saw repair work being performed. Viewed most favorably to the appellee, this evidence does not tend to establish that Ashley was, prior to May of 1961, engaged in a business operation of a magnitude and character such as that which was being conducted at the time of trial.

An alleged non-conforming use must be shown to have existed on the date the relevant zoning classification becomes effective. It is not sufficient to show that such a use merely existed at some time prior to that date. *O'Banion* v. *State ex rel. Shively, supra.*

In the case at bar, the zoning ordinance which the court found Ashley to be violating became effective on May 2, 1961.

One of plaintiff's witnesses who became a resident of the neighborhood in August of 1961, described Ashley's premises at that time. The only building on the premises was Ashley's home, and the rear of the property was planted as a garden. The witness further testified that he did not notice any business activities pertaining to motor vehicles until the spring of 1963, when an alley abutting Ashley's property was opened. At this time, Ashley began building a garage and pulling in wrecked cars which he worked on and/or dismantled.

Another witness who lived in the neighborhood from 1958 to 1970, testified that he did not recall any business activity prior to the time that the alley was opened along Ashley's property. He further testified that activity and noise increased after the garage was constructed on Ashley's property.

Ashley was issued an improvement location permit for the construction of the above mentioned four-car garage on June 26, 1963. In his application for the permit, the proposed use of the structure was designated as "storage."

On the basis of the above recited evidence, we clearly cannot find that the verdict of the trial court is contrary to law.

Viewed most favorably to the appellee, the evidence tends to reveal that while Ashley may have performed occasional automobile repairs on his premises prior to 1961, he did not begin conducting an on-going business operation on his premises until 1963, two years following the effective date of the ordinance in question.

Even assuming *arguendo* that a non-conforming business was being conducted on Ashley's premises as of May 2, 1961, it could be inferred from the evidence that such use was unduly expanded in 1963. Compare, *Chizum* v. *Elkhart County Plan Commission* (1970), 147 Ind. App. 691, 263 N.E.2d 654.

## II.

Appellant next contends that the trial court erred in admitting into evidence Plaintiff's Exhibits D through L, being certain city telephone directories for the years 1961 through 1969.

These exhibits were identified during direct examination of plaintiff's witness Joseph Purlee, an employee of Indiana Bell Telephone Company and former resident in Ashley's neighborhood. When offered into evidence, defendant's counsel objected on the grounds that the directories constituted hearsay evidence. Plaintiff's declared purpose in offering the exhibits was to demonstrate that Ashley did not have a business listing in the directories until 1964. Following preliminary questioning by defendant's counsel, the court took the question of the admissibility of the exhibits under advisement.

Subsequently, during presentation of the defendant's evidence, Ashley testified as follows on direct examination by his attorney:

"Q. And when was the first time you advertised in the telephone book?

A. I've had a telephone since 1950. I got that business telephone in . . . I don't know what year it was, around '61.

Q. Was this some special type of advertising you did in the telephone book?

A. No, not necessarily.

Q. Or was it an ordinary phone listing?

A. It was under my business.

Q. The listing in the phone book, was this listed only under your name?

A. No, it's in there both ways.

Q. Are you speaking of the present time?

A. Yes.

Q. When you first started in business was it listed?

A. No, I just used my regular phone number I have now.

Q. That was the only type of listing you used?

A. Yes, and I had it on my wrecker doors."

Ashley was then cross-examined with the aid of Plaintiff's Exhibits D through L. Thereafter, the exhibits were offered and admitted into evidence over defense counsel's objection that they were immaterial and irrelevant and did not tend to prove whether Ashley was in business prior to 1961.

To establish reversible error, it is incumbent on appellant to demonstrate that he was prejudiced by the trial court's ruling admitting the exhibits. *Patrons, etc.* v. *School City of Kendallville* (1963), 244 Ind. 675, 194 N.E.2d 718. Aside from the question of the admissibility of the exhibits, it is our opinion that Ashley's own testimony under direct examination by his attorney concerning the nature of his telephone listings precludes a finding that he was prejudiced by the trial court's ruling.

Any error in the admission of evidence is harmless if the same or similar evidence has previously been admitted without objection. *Richmond Gas Corp.* v. *Reeves* (1973), 158 Ind. App. 338, 302 N.E.2d 795.

No reversible error having been demonstrated in the trial proceedings, judgment is hereby affirmed.

Hoffman, C.J., and Lowdermilk, J., concur.

NOTE.—Reported at 312 N.E.2d 863.