The METROPOLITAN DEVELOPMENT COMM. OF MARION COUNTY, Appellant,

v.

George MARIANOS d/b/a George's Garage, Appellee.

No. 980S361.

Supreme Court of Indiana.

Sept. 3, 1980.

Larry F. Whithan, Corp. Counsel, Indianapolis, for appellant.

John D. Raikos, Indianapolis, for appellee.

PIVARNIK, Justice.

This cause comes to us on petition to transfer following a decision by the Second District Court of Appeals which reversed the judgment of the trial court. The Metropolitan Development Commission of Marion County (MDC) appealed from the trial court's denial of its prayer for injunctive

relief against certain commercial uses of industrial zoned property leased by George Marianos, doing business as George's Garage. The MDC is a governmental entity created by Chapter 173 of the Acts of the Indiana General Assembly for the year 1969, and exercises all powers previously conferred upon the Metropolitan Plan Commission of Marion County by the Indiana General Assembly. Since 1963, the property in question has been zoned I–4–U under the industrial zoning ordinance of Marion County. The I–4–U district is an industrially zoned district which allows for certain enumerated less intensive uses. However, the I–4–U district does not permit gasoline stations, automobile repair garages or automobile salvage operations. The use of the property in question as a gasoline service station and repair garage apparently began about 1940. When the gasoline supplier for the station ceased doing business in Indiana, the primary business on the property became automobile salvage and automobile repair. Appellee Marianos was in touch with other gasoline suppliers in an attempt to resurrect the gasoline business that had decreased measurably with the absence of Gulf Corporation, but had trouble making such arrangements because of the shortage of gasoline.

Marianos did not dispute his non-compliance with the ordinance. He asserted the affirmative defense of a non-conforming use. The trial court found there was a non-conforming use and denied the MDC injunctive relief. The Court of Appeals found the trial court made insufficient findings to support its decision and reversed and remanded the cause to the trial court with instructions to enter judgment for the Metropolitan Development Commission.

While it is true that the findings of fact of the trial court fall short of supporting the conclusion that the defendant has a valid non-conforming use, the record itself reveals that there was testimony before the trial court from which at least strong infer-. ences could be drawn that there was, in fact, a non-conforming use that would support a judgment for Marianos. We accordingly grant transfer and order that the

opinion and judgment of the Court of Appeals be vacated.

The trial court made the following findings of fact:

1. The Metropolitan Development Commission of Marion County, Indiana, is a governmental entity created by Chapter 173 of the Acts of the Indiana General Assembly for 1955, as amended.

2. The Defendant, George Marianos, is presently doing business as George's Garage upon the following described real estate commonly referred to as 748 Kentucky Avenue, Indianapolis, Indiana:

Part of Out Lots 130 and 132 of the Donation Lands of the City of Indianapolis, specifically; Beginning at the intersection of the Northwest line of Kentucky Avenue and the south line of Oliver Street, west on and along the south line of Oliver Street 162.64 feet, thence south 191.97 feet to a point on the northwest line of Kentucky Avenue, thence northeast on and along the northwest line of Kentucky Avenue 236.17 feet to the point of beginning.

3. Said real estate is owned by Frank's Brake Service, Inc., an Indiana Corporation, not a party to these proceedings.

4. The Defendant occupied said premises prior to 1969, and conducted operations which he has continued to conduct to this day, including repairs of motor vehicles, storage and overhauling of cars.

5. Said real estate is zoned I–4–U by the Industrial Zoning Ordinance of Marion County, Indiana.

6. The Defendant conducts his garage business upon said premises and makes his livelihood on a full-time basis working seven days a week.

7. Defendant has operated his business prior to the passage of the Act which created the Plaintiff.

8. To enjoin Defendant from conducting his operations upon said premises would deprive Defendant of a livelihood and would deny Defendant the rights guaranteed him by the Indiana and Federal Constitutions.

9. Across the street from the subject real estate is Hetherington & Berner, an empty building formerly a foundry.

10. Across the street and not far from the subject real estate is an empty building, formerly an abbatoir used by Stark & Wetzel in the killing of livestock.

11. Within two blocks of the property is Diamond Chain, a heavy industrial factory.

12. Within three blocks of the property Indianapolis Power and Light Company maintains a large power generating plant.

13. There has always been a junk yard within four blocks of the property.

 A non-conforming use is one that is permitted in a given area, despite being against zoning regulations, because the non-conforming use was in existence on or before the controlling zoning ordinance took effect. The non-conforming use must exist as such continuously after the effective date of the ordinance. *See generally Jacobs v. Mishawaka Bd. of Zoning Appeals*, (1979) Ind.App., 395 N.E.2d 834.

 The critical year for determining whether there was a non-conforming use in this case is 1963. Thus, if a certain use was being made of the property in 1963, and it had been continuously used in that manner since, then it might be a continuing valid non-conforming use. The appellee garage owner in this case leased the property in 1969. The Court of Appeals pointed out that nowhere was a finding made that appellee or his predecessors had used the property in a valid non-conforming way in 1963 and up until the time that appellee himself began using the property in this manner. It appears the trial court may have believed it was sufficient to show the non-conforming use from the year 1969, when the MDC came into operation under the law. The Court of Appeals correctly determined that the ordinance was effective November 7, 1963, and, therefore, that date, and not 1969, would have to be used to establish a non-conforming use.

Appellee Marianos testified as follows:

"Q. How long has a garage or filling station been on this present site that the City is complaining about?

A. I would say it was in the 40's when it was first there. I wasn't there then, but I use to go over there and use the man's grease rack.

Q. Is it a garage and filling station now?

A. Yes.

Q. Is there gasoline there?

A. I have some gas, yes.

Q. How long have you been there yourself?

A. I have been there approximately six and one half (6½) years approximately.

Q. Prior to 1973 and 1974 at the time when these exhibits had been introduced had taken effect?

A. Yes.

Q. In other words in 1974 which predates Plaintiff's Exhibits . . . Let me withdraw that question and ask another one. Plaintiff's Exhibit Number 1 in several parts which was admitted into evidence over objection . . .

COURT: Was it over objection or was the objection stated to be a future objection in the event it was not . .

MR. RAIKOS: I objected on the ground that it wasn't tied up; not that it wasn't authentic. I'm trying now to tie it in.

Q. This Exhibit was dated November 7, 1963. Was this use being made of this property, the same use as it is today prior to that time?

A. Yes.

Q. They were pumping gas then, were they?

A. Yes.

Q. They were making auto repairs there, they were storing parts there?

A. Yes.

Q. You have not changed any use that was being made any more so or less so than then, is that correct?

A. That's correct.

Q. You feel you are not doing anything here that is in anyway in violation of the use to which the property was put and which you have made your living in the area for more than fifty years.

A. That's right."

Thus, while the fact of continuous use is not *totally* revealed by Marianos in his attempt to prove the affirmative defense of non-conforming use, the trier of fact certainly could infer from the testimony a continuous use since at least 1963.

Examining a cold record in this manner does not give us the opportunity to gain the impression from inferences which the trier of fact does in hearing the entire testimony in a cause. The record shows, by the testimony of several witnesses, that none of the people in the area object to Marianos' presence. The evidence showed that businesses and former businesses in the area were not of a nature to be affected by any unsightly quality of his business and, in fact, some of them may be, or may have been, more objectionable than his garage. These businesses included a foundry, an abbatoir, a factory, an electric generation plant and a junkyard. There was testimony that the junkyard was within four blocks of Marianos' garage, and some evidence that the Federal Government maintained a junkyard across the street from the garage.

In view of this record, we do not think it was appropriate to reverse the trial court and enter judgment for the MDC. Ind. R.Ap. 15(N) provides for a more appropriate disposition:

(N) ORDER OR RELIEF GRANTED ON APPEAL. An order or judgment upon appeal may be reversed as to some or all of the parties and in whole or in part. The court, with respect to all or some of the parties or upon all or some of the issues, may order:

(1) A new trial;

(2) Entry of final judgment;

(3) Correction of a judgment subject to correction, alteration, amendment or modification;

(4) In the case of claims tried without a jury or with an advisory jury, order the findings or judgment amended or corrected as provided in Rule 52(b);

(5) In the case of excessive or inadequate damages, entry of final judgment on the evidence for the amount of the proper damages, a new trial, or a new trial subject to additur or remittitur; or

(6) Grant any other appropriate relief, and make relief subject to conditions.

The court shall direct final judgment to be entered or shall order the error corrected without a new trial unless such relief is shown to be impracticable or unfair to any of the parties or is otherwise improper; and if a new trial is required it shall be limited only to those parties and issues affected by the error unless such relief is shown to be impracticable or unfair. A judgment may be affirmed on conditions. A verdict, finding, judgment, order or decision shall be reversed upon appeal as not supported by or as contrary to the evidence only when clearly erroneous, and due regard shall be given to the opportunity of the finder of fact to judge the credibility of witnesses.

This cause is now ordered remanded to the trial court pursuant to Appellate Rule 15(N)(4), and the trial court is directed to make specific findings with regard to continuous non-conforming use as demonstrated by the evidence. If deemed necessary by the trial court, it may re-open the judgment and hear further evidence on non-conforming use. Thereafter, the court shall enter judgment accordingly. It is so ordered. Transfer is granted.

All Justices concur.