Roland **WESNER** & Mark **Young,**
**Appellants–Defendants,**

v.

The **METROPOLITAN DEVELOPMENT COMMISSION OF MARION COUNTY,**
**Appellee–Plaintiff.**

No. 49A02–9011–CV–702.[1]

Court of Appeals of Indiana,
First District.

March 3, 1993.

**1.** This case was transferred to this office on January 8, 1993 by direction of the Chief Judge.

Stuart T. Bench, Bench Law Office, Indianapolis, for appellants-defendants.

Larry F. Whitham, Whitham, McColley & Ross, P.C., Indianapolis, Marguerite M. Sweeney, Asst. City Prosecutor, Indianapolis, for appellee-plaintiff.

ROBERTSON, Judge.

Roland Wesner and Mark Young, owner-operators of certain businesses called the "Airport Escort Modeling" and/or the "Adult Relaxation and Entertainment Center" on properties located at 6651 and 6655 West Washington Street, Indianapolis, appeal the award of injunctive relief granted the Metropolitan Development Commission in its action to enforce certain zoning ordinances.

We affirm.

In their defense to the alleged zoning violations, Wesner and Young maintained that the Commission was guilty of laches and that their use of the premises was a legally established pre-existing nonconforming use. They contend in this appeal that the trial court erroneously failed to make a finding with respect to their defense of laches; erroneously failed to find laches or that their use constituted a pre-existing nonconforming use, and erroneously defined the term "massage parlor" in violation of common law rules of construction, the federal constitution, and public policy. Wesner owns the property at 6651 West Washington Street. Young owns the property at 6655 West Washington Street.

I.

Wesner and Young argue first that the trial court committed reversible error in failing to make a finding with respect to their affirmative defense of laches. They reiterate the evidence offered to prove the defense and cite the case of *Hutter v. Weiss* (1961), 132 Ind.App. 244, 177 N.E.2d 339, which they argue holds that a finding on the defense is required. The Commission argues that, since neither of the parties requested specific findings and since Ind.Trial Rule 52(A) does not require findings in an action to enjoin the violation of a zoning ordinance, the trial court did not have to make a specific finding on all of the issues presented by this case. Under T.R. 52(D), the court's general finding governs all issues on which findings were not made.

██ Wesner and Young did not file a brief in reply to the appellee's brief to guide us through the record. Our independent review of the record discloses, however, that counsel for Wesner and Young did request special findings orally, a motion in which the Commission joined, (R. 71, 72), but that request was never made in writing as required by the rule. An oral request for findings does not invoke the trial rule. Matters not expressly found are treated as having been determined on a general finding. *Moridge Manufacturing Co. v. Butler* (1983), Ind.App., 451 N.E.2d 677, 681 n. 5. In any event, this court adopted the reasoning of other jurisdictions and held in *Harbour Town Associates v. Noblesville* (1989), Ind.App., 540 N.E.2d 1283, that public policy interests prohibit a private party from asserting the doctrine of laches against a municipality seeking to enforce its zoning ordinances. 540 N.E.2d at 1287.[2]

2. The *Harbour Town* decision suggests that estoppel rather than laches may be a valid defense to a municipality's action to enforce its zoning laws. Wesner and Young pleaded estoppel as an affirmative defense, but do not now argue estoppel independently of laches in their appellants' brief. Even if they had, we would be compelled to affirm the trial court's general finding against them on this issue. The doctrine of equitable estoppel ordinarily cannot be applied against government entities unless the public interest would be threatened by the government's conduct. *City of Crown Point v. Lake County* (1987), Ind., 510 N.E.2d 684, 687. Here it is not. Moreover, estoppel cannot be applied if the facts are equally known by or accessible to both parties. *Id.* (citing *Advisory Board of Zoning Appeals v. Foundation for Comprehensive Mental Health, Inc.* (1986), Ind.App., 497 N.E.2d 1089, 1093). Persons owning property within a state are charged with knowledge of relevant statutory provisions affecting the control or disposition of such property. *Id.* at 1093 (citing *Texaco, Inc. v. Short* (1982), 454 U.S. 516, 102 S.Ct. 781, 70 L.Ed.2d 738). This rule applies with equal force to the provisions of zoning

We are inclined to follow this decision in the absence of a rationale from Wesner and Young for distinguishing it. Accordingly, we conclude that the trial court did not err in failing to make a finding on the issue of laches or to find in Wesner and Young's favor on their affirmative defense of laches.

## II.

In its complaint, the Commission alleged that Young's use of the property at 6655 West Washington Street as a "massage parlor" was a Class 1 Regulated Commercial Use under the Commercial Special Exceptions Ordinance of Marion County, Indiana. Under the ordinance, commercial establishments of this nature are prohibited within five hundred feet of a residential zoning district and no Class 1 Regulated Commercial Use may be located upon real estate in Marion County until a special exception has been granted by the Metropolitan Board of Zoning Appeals. The Commission also alleged a violation of section 5 of the Adult Entertainment Business Ordinance of Marion County, Indiana, which prohibits the establishment of any adult entertainment business within five hundred feet of any existing residential zoning district. The Commission alleged other violations of its ordinances in paragraphs three and four of its complaint.

Young maintains that his use of the property as a massage parlor or adult entertainment center was a continuation of a valid, lawful pre-existing, nonconforming use which began in approximately 1970 or 1971; as such, the use is not subject to the applicable provisions of the 1976 Commercial Special Exceptions Ordinance or the 1984 Adult Entertainment Zoning Ordinance. Wesner stipulated that he was not raising the defense of pre-existing nonconforming use as to the property at 6651 West Washington and further stipulated that "the adult use about which the court heard testimony, respecting 6651 West Washington Street did not commence until 1985 or 1986."

Proof of a lawful pre-existing nonconforming use constitutes a defense to an action alleging the violation of a zoning ordinance. *Ashley v. City of Bedford* (1974), 160 Ind.App. 634, 312 N.E.2d 863, 865. A nonconforming use is a lawful use existing on the effective date of the zoning restriction and continuing since that time in nonconformance with the ordinance. *Metropolitan Development Commission of Marion County v. Marianos* (1979), Ind. App., 401 N.E.2d 28, 30, *remanded for findings,* 274 Ind. 67, 408 N.E.2d 1267 (1980); *Jacobs v. Mishawaka Board of Zoning Appeals* (1979), 182 Ind.App. 500, 395 N.E.2d 834, 835.

The burden of proving the nonconforming use rests upon the party asserting its existence. Ind.Code 36–7–4–1019; *Ashley,* 312 N.E.2d at 865. Since Young received a negative judgment on this issue, our review is limited to the question of whether the judgment is contrary to law. *Id.* The judgment may be set aside as contrary to law only where the evidence is without conflict and can lead to but one conclusion, and the trial court reached an opposite conclusion. *Id.*

Because it is not sufficient to show that the use merely existed at some time prior to the effective date, *see Marianos,* 408 N.E.2d at 1268; *Ashley,* 312 N.E.2d at 866, we are interested in the use of the 6655 West Washington Street property in 1976. The evidence offered by Young does not compel the conclusion the use of the premises at 6655 West Washington Street in 1976 when the Commercial Special Exceptions Ordinance was passed was lawful.[3] Therefore, the trial court properly

---

ordinances which affect an individual's property. *See Foundation for Comprehensive Mental Health,* 497 N.E.2d at 1093. Wesner and Young therefore cannot prove the first element of equitable estoppel, namely, that they lacked knowledge or the means of acquiring knowledge as to the facts in question. *City of Crown Point,* 510 N.E.2d at 687.

3. As evidence of the property's use as a lawful massage parlor in 1976, Young offered copies of business licenses issued to the former owner, John Horner, to operate a massage parlor. The applications for the licenses contained the representations that the business would provide sauna, steam and massage therapy.

determined that Young failed to meet his burden of proving a lawful pre-existing nonconforming use.[4]

Alternatively, the trial court's judgment is proper because Young failed to meet his burden of proving that any lawful pre-existing nonconforming use that existed on the subject premises has been conducted continuously on the premises since the effective date of the ordinance. *See Marianos*, 408 N.E.2d at 1269. The testimony from a number of vice officers who gave accounts of their experiences at 6655 West Washington established that from the mid–1980's and until the date of trial, except when its operation was restrained by judicial order, the business operated on the premises was that of a house of prostitution. Thus, the evidence most favorable to the judgment is that any lawful business that was operated on the premises in 1976 has not operated continuously.

### III.

We observe from the start of this section, that if we have failed to adequately address the points intended to be made by Wesner and Young, the responsibility for our error lies with Wesner and Young who have failed to give us a comprehensible argument on the issues they have raised or even some authority by which to be guided.

Wesner and Young appear to be complaining that the trial court erred in failing to apply the plain, common ordinary meaning to the terms "massage parlor," "adult entertainment business," and "adult live entertainment area." And, they also argue that in the absence of an express definition of the term "massage parlor" in the ordinance, the Commercial Special Exceptions Ordinance is unconstitutionally vague and overbroad.[5]

The trial court cited testimony from the Commission's witnesses to the effect that the terms "massage parlor, service or facility" and/or "adult sensitivity center," and/or "adult relaxation center," and/or "escort service" are synonymous and refer to a business which has as its primary purpose the provision of sexual acts and services for a fee, found the uses of the properties at 6651 and 6655 West Washington Street to be included within the scope of this definition and concluded that under the 1976 ordinance a commercial special exception was required before the businesses could commence operation.

■ Wesner and Young's complaint seems to be that the trial court erroneously relied upon the evidence to interpret the various terms contained in the ordinance rather than apply the plain, common, customary meaning. But, the plain and ordinary meaning of a term is that meaning given to the language by the community and ordinary reader. *See e.g. Romain v. A. Howard Wholesale Co.* (1987), Ind.App., 506 N.E.2d 1124, 1126, *trans. denied; Robison v. Fickle* (1976), 167 Ind.App. 651, 340 N.E.2d 824, 829–830 (citing 9 Wigmore on Evidence § 2461, p. 190 (3d Ed.1940). The only entry in Webster's Ninth New Collegiate Dictionary 731 (1983) defines a massage parlor as "an establishment that provides massage treatments; *also:* one offering sexual services in addition to or in lieu of massage." Thus, by defining a massage parlor, service or facility as a business establishment which provides sexual services for a fee, the trial court adopted both the meaning given to the term by the local community and that given by the ordinary reader.

---

**4.** Young argues there is some discrepancy between the trial court's findings of fact number 19, that he failed to meet his burden of proving his lawful pre-existing nonconforming use defense, and the trial court's determination that the primary purpose of a "massage parlor" business "typically include providing sexual acts and services for a fee." Record at 185. This argument ignores the fact that there are secondary purposes of a "massage parlor" that would be lawful as, indeed, would the providing of sexual acts and services for a fee which, unlike the acts

of prostitution on the subject premises, do not violate the criminal code of this state.

**5.** The only case cited by Wesner and Young, *Kolendar v. Lawson* (1983), 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903, was decided upon vagueness grounds. An overbreadth challenge was not made at the trial court level. We deem such an attack to be waived pursuant to Ind.Appellate Rule 8.3(A)(7).

 Moreover, the trial court did not err in looking at the evidence before it in this particular case when it analyzed Wesner and Young's contention that the ordinance was unconstitutionally vague. A vagueness challenge to legislation which does not invoke First Amendment freedoms must be examined in the light of the facts of the case at hand. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.* (1982), 455 U.S. 489, 495 n. 7, 102 S.Ct. 1186, 1191 n. 7, 71 L.Ed.2d 362; *United States v. Mazurie* (1975), 419 U.S. 544, 551, 95 S.Ct. 710, 715, 42 L.Ed.2d 706.[6] One to whom application of legislation is constitutional will not be heard to attack the statute on the ground that it impliedly might also be taken as applying to other persons or other situations in which its application might be unconstitutional, *Flipside*, 455 U.S. at 496, 102 S.Ct. at 1192; *Yazoo & Mississippi Railroad v. Jackson Vinegar Co.* (1912), 226 U.S. 217, 33 S.Ct. 40, 57 L.Ed. 193, for, outside of the First Amendment context, one challenging the constitutionality of a statute on the ground it is void for vagueness must demonstrate that the legislation is impermissibly vague in all of its applications. *Flipside*, 455 U.S. at 498, 102 S.Ct. at 1193.

 The degree of vagueness tolerated by the Constitution depends on the nature of the enactment. *Id.* Economic regulations are subjected to a less stringent test because the subject matter is more narrow. *Id.* In addition, the Constitution has greater tolerance for enactments which may be clarified by the challenger's own inquiry or resort to the administrative process. *Id.* The Constitution does not require mathematical certainty from the language used in the enactment, *Grayned v. City of Rockford* (1972), 408 U.S. 104, 111, 92 S.Ct. 2294, 2300–01, 33 L.Ed.2d 222, or proof beyond a reasonable doubt of a precisely and specifically defined concept.

*Mazurie*, 419 U.S. at 551, 95 S.Ct. at 715. To survive a vagueness challenge, the Commission is required to do no more than prove that the term "massage parlor, service or facility" has a sufficiently precise meaning for a person of average intelligence to reasonably understand that his contemplated conduct is governed by the ordinance. *See id.*

 We need not dwell long upon this point for, as applied to the business operated by Wesner and Young, the ordinance sufficiently delineates its reach in words of common understanding. As we have already indicated, the Commission produced several witnesses, both police officers and ordinary citizens, who each expressed his own understanding of the term "massage parlor," as it is ordinarily used in the community, to include a place where sexual services may be obtained for a fee. Equally indicative of the term's clarity is the fact that former owner Horner perceived the term "massage parlor" to apply to his business and applied for a commercial special exception for the business in 1976 when the ordinance was enacted.

Additional precision is supplied by the purpose of the ordinance, to preserve the value of other commercial uses from the deleterious effect caused by certain other inappropriately located uses with exceptional land use characteristics, and to promote the public health, safety, comfort, morals, convenience and general welfare. And, the designation of two other uses including within their descriptions the term "adult," a term which is explicitly defined by the ordinance, indicates the drafters' intent to encompass forms of adult entertainment "prohibited by state law from being open to the general public," i.e. otherwise illegal, within the scope of the ordinance.

Wesner and Young argue that to incorporate uses of property which they concede to be illegal within the reach of a zoning

---

**6.** Wesner and Young cite only *Kolendar v. Lawson* (1983), 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903, a case involving the reach of a criminal statute which had the potential for arbitrarily suppressing First Amendment liberties and which also implicated considerations of the constitutional right to freedom of movement. Wesner and Young make no mention of any constitutionally guaranteed freedoms which might potentially be jeopardized by the ordinances involved here. Analysis of their challenge therefore must be confined to the facts before the court.

ordinance violates public policy. They cite no authority for this proposition nor do they explain why such an interpretation violates public policy. As the Commission points out, penal statutes are but one method of promoting the public welfare. Zoning ordinances are another.

We therefore find no error in the determination that the ordinances in question, specifically, the Commercial Special Exceptions Ordinance, can be constitutionally applied to the uses employed by Wesner and Young and does apply to those uses. Accordingly, the judgment against Wesner and Young should be and is affirmed.

Judgment affirmed.

NAJAM and SHIELDS, JJ., concur.