**CITY OF COLUMBUS BOARD OF ZONING APPEALS and the Columbus–Bartholomew County Department of Building and Zoning Administration, Appellants–Petitioners,**

v.

**BIG BLUE, Appellee–Respondent.**

**No. 03A05–9202–CV–47.**

Court of Appeals of Indiana, Fifth District.

Dec. 23, 1992.

---

Karon E. Perkins–Smith, Asst. City Atty., Columbus, for appellants-petitioners.

Thomas C. Bigley, Jr., Jeffrey S. Washburn, Sharpnack, Bigley, David & Rumple, Columbus, for appellee-respondent.

RUCKER, Judge.

The City of Columbus Board of Zoning Appeals and the Columbus–Bartholomew County Department of Building and Zoning Administration (City) brought a civil action against Big Blue, a retail store, to enjoin Big Blue's outdoor display of garden supplies as a violation of the City's zoning ordinances. The trial court granted Big Blue's motion for summary judgment and denied the City's cross-motion for summary judgment. The City now appeals. The dispositive issue concerning both decisions is whether there is an applicable zoning ordinance which prohibits outdoor sales and storage of goods by Big Blue.

We find there is none and therefore affirm.

The facts of this case are not in dispute. Big Blue is a retail merchant which leases space for its store in the Columbus Shopping Center. The plat for the shopping center was adopted by the City in 1964. The parties agree the plat constitutes a Planned Unit Development (PUD)[1] Site Plan. At the time of the adoption of the plat, the City's 1949 zoning ordinance was in effect.

In the Spring of 1991, Big Blue placed garden supplies (e.g., bags of bark mulch) outside the store on the sidewalk for display purposes. The City informed Big Blue that the outdoor storage and sale of goods was not permitted under applicable zoning ordinances and ordered Big Blue to discontinue the displays. Big Blue did not comply.

The City filed its complaint for an injunction and damages, generally alleging that Big Blue's outdoor displays constituted a violation of applicable zoning ordinances. Big Blue filed its motion for summary judgment and the City filed a cross-motion for summary judgment. After a hearing on both motions the trial court granted Big Blue's motion for summary judgment and denied the City's motion. This appeal ensued in due course.

When reviewing the propriety of a ruling on a motion for summary judgment, this court applies the same standard applicable to the trial court. *Houin v. Burger* (1992), Ind.App., 590 N.E.2d 593, *trans. denied.* We must consider the pleadings and evidence sanctioned by Ind.Trial Rule 56(C) without deciding its weight or credibility. Summary judgment should be granted only if such evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* When a motion for summary judgment is made and supported by the materials contemplated by the rule, the opposing party must not rest on its pleadings, but must set forth specific facts, also using materials contemplated by this rule, which demonstrates that summary judgment is not appropriate. *ITT Commercial Finance Corp. v. Union Bank & Trust Co. of North Vernon* (1988), Ind.App., 528 N.E.2d 1149.

---

1. A PUD is a land regulation device for a specific development and is determined by contract between the developer and the local legislative body. *See* 101A C.J.S. Zoning & Land Planning § 42. The use of a PUD as a technique to amend an existing ordinance is authorized by Ind.Code § 36–7–4–713.

■ Construction of a zoning ordinance is a question of law, *Metro. Development Comm'n v. Villages, Inc.* (1984), Ind. App., 464 N.E.2d 367, *cert. denied*, 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171. Since there are no factual disputes in this case, our sole task in reviewing the trial court's decisions is to determine whether any of the zoning regulations relied upon by the City are applicable to Big Blue's operation and act to prohibit the outside displays. In construing the language in a zoning ordinance we follow the ordinary rules of statutory construction. *Pleasureland Museum, Inc. v. Dailey* (1981), Ind. App., 422 N.E.2d 754. We interpret the ordinance as a whole and give its words their plain, ordinary, and usual meaning. *Metro. Bd. of Zoning Appeals of Marion County v. Shell Oil Co.* (1979) 182 Ind. App. 604, 395 N.E.2d 1283.

The City first asserts that Big Blue's outdoor sales and storage of merchandise violates the PUD and the 1949 City ordinance under which the PUD was adopted. According to City, Article XIV of City Ordinance Number 1428 prohibits outside sales and storage and the PUD does not modify that prohibition.

■ We first note the PUD in this case contains certain general land-use restrictions. However, none of the restrictions are relevant to this case. Moreover the PUD is completely silent concerning outside sales and storage. Thus, City's argument that Big Blue is in violation of the PUD lacks merit. Next we examine whether Big Blue is in violation of the ordinance itself. Article XIV, Sec. 2 of the 1949 ordinance provides in essence and relevant part that a community shopping center development plan may be approved provided "The commercial uses included in the plan are limited to those permitted in the C–1 Neighborhood Shopping District." Article VIII, Sec. 1 of the ordinance outlines a number of "uses permitted and specified" for a C–1 Neighborhood Shopping District, the only one of which is relevant here is "retail store."

The City does not identify for us, nor does our examination of the ordinance reveal, any restriction or regulation on outside displays by owners of retail stores. Rather, City argues that because the ordinance does not specifically permit outside displays, such use is therefore prohibited. In support of its argument City directs our attention to *Day v. Ryan* (1990), Ind.App., 560 N.E.2d 77. In *Day* we determined that the landowners' stockyard operation violated a zoning ordinance restricting their land to agricultural uses. We held "[w]hen a statute or ordinance specifies or enumerates certain items, items not specified are excluded by implication." *Id.* at 82. In so holding we determined that a stockyard was not an agricultural pursuit and was properly enjoined by the trial court.

■ The facts in *Day* are clearly distinguishable from the facts in the case before us. The specific use of the land in *Day* was limited by ordinance to agricultural pursuits. Landowners, on the other hand, had relegated the use of their property to a stockyard operation, a use not specified and therefore prohibited. In this case however there is no question that Big Blue is operating its business as a retail store, a use permitted by the applicable ordinance. As we indicated in *Harbour Town Associates v. Noblesville* (1989), 540 N.E.2d 1283:

> The term 'use,' as employed in the context of zoning, is a word of art denoting 'the purpose for which the building is designed, arranged or intended, or for which it is occupied or maintained.' Both zoning in general and 'uses' in particular focus on how a building or parcel of land is utilized.

*Id.* at 1285 (citations omitted). We cannot agree with City's inference that the term 'use' in this case should be expanded to regulate the manner in which Big Blue advertises merchandise as it operates its retail store.

In further support of its argument City notes that uses permitted in lower zones are prohibited in higher zones. According to City, areas zoned as a C–2 General Commercial District, a lower zone, permits various types of outdoor storage yards and thus such activity is prohibited in the high-

er zoned C–1 Neighborhood Shopping District.

We have no quarrel with City's general proposition that uses permitted in lower zones are prohibited in higher zones. However, contrary to City's argument, Article IX of the 1949 ordinance, like Article VIII of the ordinance, does not mention outside displays and advertising. Rather, Article IX dictates in relevant part:

C–2   General Commercial District.

Sec. 1.   Uses Permitted and Specified.

a.   Uses permitted and specified for the C–1 Neighborhood Shopping District:

b.   Additional Uses:

(1)   Retail and Department Stores of all types.

(2)   Storage or Wholesale Warehouses

(3)   Wholesale Establishments

(4)   Bakery. . . .

(5)   Bottling Works.

(6)   Building Material Storage yards.

(7)   Carting, Express, Hauling or Storage Yard.

(8)   Coal, Coke or Wood Yard.

(9)   Contractor's Plant or Storage Yard.

(10) Dyeing and Cleaning Works. . . .

(11) Laundry. . . .

(12) Lumber Yard. . . .

(13) Machine Shop.

(14) Milk Distributing Station. . . .

(15) Motor Bus or Railroad Station.

(16) Poultry Hatchery.

(17) Printing and Publishing.

(18) Public Stable.

(19) Industrial Operations. . . .

(20) Night Clubs, Taverns and any retail establishments selling by drink and alcoholic beverage.

*Record* at 124.   In sum, City is inviting this court to read into its ordinance a provision which is not present, namely: the prohibition of outside sales and storage of merchandise.   We must decline the invitation. Zoning ordinances must be construed to favor the free use of land. *Ayers v. Porter County Plan Comm'n* (1989), Ind.App., 544 N.E.2d 213.

City also argues that because of a 1971 amendment to the zoning ordi-

nances, the Columbus Shopping Center is a nonconforming use and such use cannot be expanded.   City contends the acts of Big Blue in now conducting outside sales and storage is an expansion of the nonconforming use.   We must decline to address this issue directly because it is not properly before us.   The doctrine of nonconforming use is an affirmative defense asserted by a party who is alleged to be violation of an existing zoning ordinance.   *O'Banion v. State ex rel. Shively* (1969), 146 Ind.App. 223, 253 N.E.2d 739, *trans. denied.*   Essentially the doctrine is a recognition that the use of land or buildings may be protected from existing zoning restrictions if the use is one which existed and was lawful when the restrictions first became effective and has continued to exist since that time. *Metro. Dev. Comm'n of Marion County v. Marianos* (1980), 274 Ind. 67, 408 N.E.2d 1267.   In this case Big Blue, the party against whom a zoning violation has been alleged, did not raise the issue of nonconforming use as an affirmative defense, nor has it attempted to argue the issue on appeal.   The City's attempt to argue the issue is obviously misplaced.

We appreciate the concern expressed by City that Big Blue's sidewalk displays are dangerous and represent an eyesore.   According to City "Big Blue has stacked mulch and other products 6 to 10 feet high. So high that visibility for motorist exiting Columbus Center onto Marr Road is limited and motorists have difficulty seeing oncoming traffic." *Reply Brief Of Appellant* at 2.   We have no doubt City has the authority as well as the ability to regulate or prohibit such activity.   We only hold today the ordinances presented to the trial court and examined by this court on review do not prohibit outdoor sales and storage by owners of retail stores located in areas zoned as C–1 Neighborhood Shopping Districts.

Judgment affirmed.

BARTEAU and ROBERTSON, JJ., concur.