**Virginia BARNES and Jan Swearingen, Appellants–Defendants,**

v.

**CITY OF ANDERSON, Appellee–Plaintiff.**

No. 48A02–9402–CV–90.

Court of Appeals of Indiana, Second District.

Nov. 22, 1994.

Steven C. Smith, Patrick R. Ragains, Steven C. Smith, A Professional Corp., Anderson, for appellants.

William C. Kreegar, Anderson, for appellee.

FRIEDLANDER, Judge.

Virginia Barnes and Jan Swearingen appeal the trial court's decision in favor of the City of Anderson granting a permanent injunction enjoining the women from keeping and maintaining Swearingen's pet Vietnamese pot-belly pig, Sassy, and ordering Sassy's removal from the residence.[1]

We reverse.

In September 1992, the City received complaints that a pig was being kept at an Anderson residence. Barnes owns the property and leases it to her daughter, Swearingen. In response to these complaints, the City Zoning Administrator visited the home and determined that a pig did, in fact, reside on the property. The City concluded that the pot-belly pig's presence violated Anderson's Zoning Code, which prohibits the keeping of livestock in a residential district. After having made its determination, the City notified Barnes and Swearingen to remove the pig. They refused to do so.

The City filed a Complaint for Injunctive Relief on November 19, 1992. At trial, on September 1, 1993, Swearingen and Barnes argued that the zoning ordinance did not apply because the pig is a pet and not livestock. The women offered evidence that the Vietnamese pot-belly pig has been in use as an exotic pet in the United States since 1985. Swearingen purchased Sassy from a breeder in February or March of 1992 after hearing that the pigs make good pets. Swearingen keeps Sassy in her home and backyard and walks the pig with a leash. Sassy weighs between 125 and 150 pounds. She eats mini pig chow and dog food and drinks water. Sassy has her own food bowl and water dish and uses a litterbox. Swearingen testified that she is not raising Sassy for slaughter, breeding, market or farm purposes. The City agrees that Sassy is a pet, and is not being used for farm purposes, but that Sassy is nevertheless "livestock" within the meaning of Anderson's Zoning Code and thus may not be kept on the property.

After the presentation of the evidence, the trial judge viewed Sassy at home. On November 1, 1993, the court entered judgment for the City as follows:

## "JUDGMENT

This cause having come for trial on Plaintiff's Complaint For Injunctive Relief for violation of City Ordinance, and the Court having heard and considered the evidence, having viewed the subject matter animal at the Defendant's residence and having duly considered the arguments and legal briefs of counsel, enters its findings and judgment as follows:

1. That the Defendant, Virginia Barnes, is the owner of certain real estate situated in the City of Anderson, County of Madison, State of Indiana described as 221 West 13th Street, Anderson, Indiana and that the Defendant, Jan Swearingen is in possession and occupancy of said real estate.

2. That said real estate is presently zoned R2 under the Zoning Ordinance of the City of Anderson, Indiana.

3. That the Defendant, Jan Swearingen keeps and maintains at the above said residence a Vietnamese Pot–Belly pig named "Sassy".

4. That there is in full force and effect in Anderson, Indiana Ordinance # 2439 of the Zoning Ordinance of the City of Anderson, Indiana codified under Title 15 of the Code of Ordinances of the City of Anderson, which procludes [sic] the keeping of livestock and farm animals within the city limits of the City of Anderson.

5. That the Anderson Zoning Code, Section 160.03 defines 'livestock' as follows: 'Livestock. Domestic animals kept for farm purposes, especially those marketable animals, and the raising or breeding of domestic animals, such as cattle, horses, sheep, goats, and ponies, etc.'

---

1. Oral argument was heard on October 26, 1994 in Indianapolis.

6. That the Court finds that the keeping and maintaining of the subject animal 'Sassy' by the Defendants is an illegal and unlawful use of the above said property under the above said Zoning Ordinances...."

*Record* at 34.

Barnes and Swearingen appeal the judgment, and present the following issue:

Did the trial court incorrectly conclude that keeping and maintaining Sassy, the pet pig, constitutes keeping and maintaining "livestock" as defined in the Anderson Zoning Code?

■ Construction of a zoning ordinance is a question of law. *Columbus Bd. of Zoning App. v. Big Blue* (1992), Ind.App., 605 N.E.2d 188. Zoning regulations that inhibit the use of real property are in derogation of the common law and are strictly construed. *Cooper v. Calandro* (1991), Ind.App., 581 N.E.2d 443, trans. denied. We will not extend a zoning restriction by implication. *Ayers v. Porter County Plan Com'n* (1989), Ind.App., 544 N.E.2d 213. When construing an unclear zoning ordinance, we utilize the ordinary rules of statutory construction. *Columbus Bd. of Zoning App., supra.* We examine an unclear or ambiguous statute as a whole, giving the statute its apparent and obvious meaning. We presume the legislature intended that the language of the statute be applied in a logical manner consistent with its underlying goals and policy. *Moses v. Cober* (1994), Ind.App., 641 N.E.2d 668.

Anderson Zoning Code § 160.03 defines livestock as:

" '*Livestock.*' Domestic animals kept for farm purposes, especially those marketable animals, and raising or breeding of domestic animals, such as cattle, horses, sheep, goats, and ponies, etc."

The term "domestic animal" is not defined in the Zoning Code; however, a definition is contained in the Anderson Animal Control Ordinance at § 91.01, which classifies pigs and other animals such as dogs, cats, and hamsters, as domestic animals. Neither party denies that Sassy is a domestic animal kept as a pet.

■ The section of the definition in dispute in this case is that which refers to the "*raising* or breeding of domestic animals, such as cattle, horses, sheep, goats, and ponies, etc." (Emphasis supplied). The City urges us to interpret "raising" as the rearing of an animal to maturity. Barnes and Swearingen offer a different interpretation of the word "raising" and argue that the term should be limited to the rearing of animals for commercial purposes. The purpose of the Zoning Ordinance prompts us to adopt the latter interpretation.

■ The wording of the ordinance's definition evidences that the legislative body enacting the zoning ordinance did not contemplate the use of a pig as a pet and that the intent of the ordinance is to prohibit farming in residential areas. In making this determination, we examine the ordinance as a whole, *see Moses, supra,* and its relation to the definition in dispute.

The definition specifies that "domestic animals kept for farm purposes, especially those marketable animals" are livestock. Cattle, horses, sheep, goats, and ponies, the animals named in the definition as examples, are all animals used for farm purposes. As explained above, dogs, cats, and hamsters all fall under the definition of domestic animal. If the phrase "farm purposes" is not read to modify the word "raising" in the ordinance, then dogs, cats, and hamsters are livestock and are prohibited from residential districts in Anderson. The Code does not reconcile this dilemma by expressly designating the domestic animals excluded from the definition of livestock. We, thus, conclude the policy of the ordinance to be the exclusion of farming activities in the city.

Although Sassy is a pig, and, in ordinary experience, pigs are farm animals, the parties agree that Sassy is a pet. Swearingen does not use Sassy for farm purposes and Swearingen is not planning to breed and market the pig. The wording of the zoning ordinance illustrates that the ordinance's drafters were contemplating farm animals when they enacted the legislation, not pets. The policy behind the ordinance of preventing farming in residential districts will not be furthered by the removal of Sassy.

We note that this decision does not affect the ability of the City of Anderson to enact an ordinance forbidding the keeping of Vietnamese pot-belly pigs in residential districts. Reasonable zoning laws are a proper exercise of a government's police power. *Saurer v. Board of Zoning Appeals* (1994), Ind.App., 629 N.E.2d 893. The zoning ordinance involved in this case, however, does not apply to the facts before us.

We reverse.

KIRSCH and GARRARD, JJ. concur.